UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>CHASE CUSTOM HOMES & FINANCE, INC.,<br><br>        Debtor. | Chapter 11<br>Case No. 23-20032 |
| JEFFREY P. ZAMBONI,<br><br>        Plaintiff/Defendant,<br><br>v.<br><br>CHASE CUSTOM HOMES & FINANCE, INC.,<br><br>        Defendant/Plaintiff. | Adv. Proc. No. 23-2002 |

## ORDER ON ATTORNEY FEES AND COSTS

This matter came before the Court on the Declaration of Kelly McDonald, Esq. in Support of Jeffrey Zamboni's Request for Award of Attorney's Fees and Costs (Docket Entry ("D.E.") 121) and Bill of Costs (D.E. 122) filed on March 6, 2025 in accordance with the Judgment (D.E. 102) issued on February 15, 2025.

Notwithstanding this Court's direction to narrowly tailor his request for fees and costs to those incurred in connection with his successful prosecution of his claim under Maine's Unfair Trade Practices Act (the "UTPA Claim") and defense of Chase Custom Homes & Finance, Inc.'s ("Chase") claim under Maine's Prompt Payment Act (the "PPA Claim"), Mr. Zamboni seeks to recover all but $25,075.50 of the $226,182 in fees and $71,191.00 in costs he incurred in connection with this litigation.  He also seeks to recover $4,531.95 in costs identified in the Bill

of Costs. He asserts that Chase's PPA Claim and the non-fee claims all shared the same common core of facts and, therefore, that all of the fees and costs are subject to recovery under 10 M.R.S.A. 1118(4).[1] Citing Fortney & Weygandt, Inc. v. Lewiston DMEP IX, LLC, 267 A.3d 1094, 1103 (Me. 2022); Advanced Const. Corp. v. Pilecki, 901 A.2d 189 (Me. 2006).

The two cases cited by Mr. Zamboni are distinguishable from the facts before this Court. In Fortney V. Weygandt, Inc., a general contractor recovered all of its fees and costs after successfully prosecuting claims for breach of contract, violation of the PPA, and enforcement of mechanic's liens. In Pilecki, the homeowners successfully litigated several cross claims, including violation of the UTPA, after they were first sued on a mechanic's lien claim the state court determined to constitute an abuse of process.

Unlike the two cases cited above, the litigation before this Court is comprised of two separate cases which were administratively consolidated for judicial efficiency. Mr. Zamboni filed suit against Chase in Cumberland County Superior Court on the same day Chase filed suit against Mr. Zamboni in York County Superior Court. While the Court did find that Chase breached the construction contract, the Court also found that "Mr. Zamboni could reasonably have avoided some of his home construction issues by being more diligent in reviewing draft plans and contract terms." Memorandum of Decision dated February 13, 2025 (D.E. 103), pg. 21. Finally, the Court also awarded Chase damages equal to 70% of the contract price on its quantum meruit claim after Mr. Zamboni refused to pay Chase any portion of the contract price notwithstanding the substantial work Chase performed prior to the breach.

The Court finds similarities between the facts in this case and those that lead to the apportionment of fees in Northeast Drilling, Inc. v. Inner Space Services, Inc., 2001 WL 747268

---

[1] Mr. Zamboni concedes that very few of the attorney fees and costs are attributable to his successful claim under the UTPA.

2

(D. Me. 2001).  In that case, the court entered judgment in favor of a subcontractor on a PPA claim but found that just $83,431 in payments had been improperly withheld; substantially less than the $403,431 alleged by the subcontractor.  After noting that 10 M.R.S. § 1118(4) mandates an award of attorney's fees to the "*substantially prevailing*" party under a PPA claim, the court went on to state,

> . . . I conclude that the defendant's argument is well taken concerning apportionment. Prompt payment was a relatively minor focus of this hotly litigated case. Instead, this was at bottom a good faith dispute over what had actually been accomplished out of sight under water under extreme climatic circumstances on a difficult blasting job. The parties legitimately and energetically disagreed over whether NDI had performed its subcontract and who was at fault for the delayed completion of the overall project. Although I must award fees under the statute for the delay in payment, I find that a reasonable amount, given the focus of the dispute, the good faith defense of the defendant and the reduced amount actually recovered on this claim, is $28,000.

Northeast Drilling, 2001 WL 747268 at *1.

Likewise, the hotly contested issue in this case was the breach of a poorly documented construction contract drafted and negotiated by an individual who is no longer employed by Chase and who was not, for whatever reason, called to testify by either party.  Mr. Zamboni made no mention of the PPA Claim in his pre-trial brief and the discussion of that claim occupied little more than two pages of the 133 pages he submitted in post-trial filings.  While he was awarded $231,903 on his breach of contract and UTPA claims, the Court awarded $218,152.90 to Chase for work that party had completed and for which it had not been compensated by Mr. Zamboni.

The PPA Claim simply was not a focus of this litigation.  The evidence Mr. Zamboni presented was critical to succeed on his own claim for breach of contract, to establish the extent of his damages, to defend against Chase's claim for breach of contract, and defend against

Chase's claims for unjust enrichment and quantum meruit and Chase's attempt to undermine Mr. Zamboni's calculation of damages.

Mr. Zamboni asserted six counts in his complaint; one of which was the UTPA violation. Chase asserted four counts, including the PPA Claim. While neither claim was heavily litigated in this case, Mr. Zamboni did incur attorney fees in preparing his UTPA Claim and answer the PPA Claim. After reviewing the fees and costs itemized in the affidavit, the Court hereby awards Mr. Zamboni $7,552.20 in fees, representing 20% of the $37,756.00 in fees incurred in connection with the research and drafting of Mr. Zamboni's: (1) complaint; (2) answer to Chase's counterclaims and complaint; (3) proposed findings of fact and conclusions of law; and (4) response to Chase's proposed findings of fact and conclusions of law. No costs shall be awarded as the Court finds that those expenses are more appropriately attributed to the non-fee claims.

Dated:  March 25, 2025                              /s/ Peter G. Cary
                                                      Judge Peter G. Cary
                                                      United States Bankruptcy Judge